STATE OF MAINE                                    SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                       DOCKET NO. AP-04-015
                                                    PAF -YOR- 6/18-2004

CLIFFORD D. ESTES, et al.,

            Plaintiffs

                                          ORDER
    v.                                     AND
                                         DECISION          DONALD L. GARBRECHT
                                                              LAW LIBRARY

TOWN OF YORK, et al.,
                                                           JUN 30 2004
            Defendants

    Clifford Estes and Maureen Estes are the owners of real estate located at 97

Lindsay Road in York. They have appealed a decision of the Town of York Board of

Assessment Review of January 7, 2004 which denied a request for an abatement of the

land portion of their real estate taxes for the tax year 2002/2003. The plaintiffs, along

with the Town, have presented detailed, well-focused and very thoughtful arguments.

    Under Maine law, "a town's assessment is presumed valid and the taxpayer

must prove it is manifestly wrong." *City of Biddeford v. Adams*, 1999 ME 49, ¶13, 727

A.2d 346, 349. *Adams* also states, at ¶13, that, "To show that an assessment was

manifestly wrong, the taxpayer must prove that the property is substantially

overvalued, there was unjust discrimination, or that the assessment was fraudulent."

These principles were reaffirmed more recently in *Ram's Head Partners, LLC v. Town of*

*Cape Elizabeth*, 2003 ME 131, ¶9. In the current case the precise claim is that there was

unjust discrimination.

    Unjust discrimination was discussed in detail in *Ram's Head*, at ¶¶10 – *et seq.*, in

*Adams* starting at ¶13 and in *Moser v. Town of Phippsburg*, 553 A.2d 1249, 1250 (Me.

1989). In order to prevail the taxpayer must show that "... the assessor's system necessarily results in unequal apportionment." *Adams* at ¶14, and *Ram's Head* at ¶10.

Before I can apply the legal principles that come primarily from the Maine Supreme Judicial Court to the record in this case it is necessary to consider the defendant's motion to strike portions of plaintiffs' brief and exhibits. That motion alleges that part of the brief and exhibits contain evidence that is not contained in the record before the Board of Assessment Review. The defendant is correct that review in this appeal must be "based upon the record of the proceedings before the governmental agency." Rule 80B(f), M.R.Civ.P. Despite the plaintiffs enthusiastic and good faith effort to present me with what they consider to be whole story, evidence, with exceptions that do not apply here (Rule 80B(d) and 80B(i)), must have been presented to the Board to be considered on appeal. The motion to strike is granted.

In 2002 the Town of York through Vision Appraisal, Inc. conducted a town wide revaluation. For the following tax year, which is the one that is now before this Court, the assessor examined about one-half of the properties in town for a variety of reasons. The plaintiffs' neighborhood and home were among those whose valuations were adjusted based on information that suggested that land values were increasing significantly.

While the Maine Supreme Judicial Court has stated that, "Town wide revaluations are perhaps the best method of maintaining equal apportionment of the tax burden", *Moser* at 1250, it also held that, "But assessors are not precluded from undertaking adjustments designed to maintain equal distribution of the tax burden in the time period between town wide revaluations." *Moser* at 1250. Nothing in 36 M.R.S.A. §708 affects the continuing validity of these propositions.

2

In reviewing the decision of the Board and the arguments of the parties, I do not find that "the assessor's system necessarily results in unequal apportionment." It was a reasonable attempt, using the limited resources available, to make adjustments based on new information regarding property value. There will always be debates about what properties are truly comparable but the assessor's efforts, though subject to honest disagreements, were reasonable and lawful. As there is no bases to overturn the decision of the Board, the entry is: Defendant's motion to strike is granted.

Decision of January 7, 2004 of the Town of York Board of Assessment Review to deny the requested abatement is affirmed.

Dated:        June 18, 2004

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFFS:
CLIFFORD D ESTES
MAUREEN E ESTES
97 LINDSAY ROAD
YORK ME   03909


DEFENDANT-TOWN OF YORK
LAWRENCE C WALDEN ESQ
BERGEN & PARKINSON
62 PORTLAND RD
KENNEBUNK ME   04043-6658

3